| | |
|---|---|
| Patrick Gresham, | Case No.: 9:19-cv-1237-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Arclabs, LLC | |
| Defendant. | |

This matter is before the Court on Defendant Arclabs, LLC's Motion to Dismiss (Dkt. No. 11). For the reasons set forth below, the Court denies the Motion to Dismiss.

## I.  Background

Plaintiff brings claims under § 504 of the Rehabilitation Act, 29 U.S.C. § 794 and Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, alleging that he was, among other things, discriminatorily disenrolled from a welding school based on a disability.[1] (Dkt. No. 1.)  Plaintiff Patrick Gresham alleges that he suffers from Idiopathic Thrombocytopenic Purpura (ITP), an autoimmune disease which requires regular treatments which have a variety of side effects, including mood changes, sleeplessness, irritability, anxiety, headaches and nausea. (Dkt. No. 1 at ¶ 7.)  Plaintiff asserts that on or about September 21, 2105, he began taking welding classes at Defendant Arclabs, LLC ("Arclabs"), and informed them of his condition and that his ITP may force him to miss class. (*Id.* at ¶ 8 – 9.)  Plaintiff alleges that over his course of study at Arclabs, he complained on at least two occasions regarding his workstation being left in a cluttered condition. (*Id.* at ¶¶ 10, 16.)  Further, Plaintiff alleges that he needed to miss class on a variety of occasions because of his medical condition and each time provided a doctor's note. (*Id.* at ¶ 15.)

---

[1] The Court notes that while Plaintiff's Complaint is titled with claims under both § 504 of the Rehabilitation Act and Title III of the ADA, his claim for relief only lists § 504 of the Rehabilitation Act. (Dkt. No. 1 at 12.)

In April 2016, Plaintiff was scheduled to undergo a more serious treatment regimen, and, at a meeting with an Arclabs administrator, alleges that he was informed that his previously submitted doctor's notes did not excuse his absences and instead, moving forward, he needed to submit a leave of absence form, which could be retroactively approved. (*Id.* at ¶¶ 20 – 22.) Ultimately, during his course of treatment, Plaintiff missed a variety of classes. (*Id.* at 24.) On May 25, 2016, Plaintiff alleges that when he arrived at Arclabs for class and to submit a leave of absence form, he was informed that he was disenrolled from Arclabs because he missed seven consecutive days and failed to submit a leave of absence form. (*Id.* at ¶ 26.)

Arclabs now moves to dismiss,[2] arguing that the claims are barred by the statute of limitations. Specifically, Arclabs argues that federal law requires borrowing the one-year statute of limitations contained in the South Carolina Human Affairs Law ("SCHAL"), S.C. Code Ann. § 1–13–90(d)(6). (Dkt. No. 11-1.) Plaintiff opposes the motion, arguing that the most analogous state statute of limitations is the three-year period for personal injury actions. (Dkt. No. 13.)

## II.    **Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the

---

[2] Defendant Arclabs' motion is listed as a motion to dismiss under Rules 12(b)(1) and 12(b)(6) and a motion for judgment on the pleadings under Rule 12(c). As Defendant's argue that Plaintiff's claims are barred by a statute of limitations, that is an affirmative defense, not a jurisdictional prerequisite, and therefore is assessed under Rule 12(b)(6). *See Reid v. Prince George's Cty. Bd. of Educ.*, 60 F. Supp. 3d 601, 604 (D. Md. 2014) ("Although Defendants appear to claim that this Court lacks subject matter jurisdiction because Reid's claims are time-barred…the statute of limitations is an affirmative defense, not a jurisdictional prerequisite, so such a challenge to a complaint is made pursuant to Rule 12(b)(6), not 12(b)(1).") *citing United States v. Kivanc*, 714 F.3d 782, 789 (4th Cir.2013). Further, the Court applies the same standard to a motion under Rule 12(c) as under 12(b)(6). *See Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002). As the Court finds that the limitations period has not expired, the outcome of this motion would be the same regardless of which provision of Rule 12 is applied.

legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses.... Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citations omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.  Discussion

"Because...the ADA does not contain a statute of limitations, federal courts 'borrow the state statute of limitations that applies to the most analogous state-law claim.'" *Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017) *citing A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 347 (4th Cir. 2011). *See also Wolsky v. Med. Coll. of Hampton Roads*, 1 F.3d 222, 223 (4th Cir. 1993) ("Since the Rehabilitation Act does not provide its own statute of limitations and 28 U.S.C. § 1658, the general federal statute of limitations is not applicable in this

case, the district court must turn to state law for an appropriate statute of limitations."). As the Rehabilitation Act has substantially similar language to the ADA, courts apply the "same analysis to determine the applicable statute of limitations[.]" *Semenova*, 845 F.3d at 567. The Fourth Circuit has indicated that a court should look to whether a state law provides a plaintiff with "the same rights and remedies" to determine the applicable statute of limitations. *See Id.* (declining to apply Maryland human rights law statute of limitations where it did not provide cause of action for discrimination in provision of public services). *See also Wolsky*, 1 F.3d at 224 (determining that Virginia law provided "same rights and remedies").

The Court therefore must determine whether the SCHAL provides the "same rights and remedies" protected by the ADA and the Rehabilitation Act as applicable to this case. Plaintiff alleges discrimination from an educational facility that receives federal funding. Therefore to apply the SCHAL's one year statute of limitations, the SCHAL must provide protection for disability discrimination from educational facilities or programs receiving public funding. *See Wolsky*, 1 F.3d at 224 (applying Virginia disabilities law's statute of limitations to claim of dismissal from medical school where Virginia law prohibited discrimination by entities receiving state or federal funding).

The SCHAL, as with the Maryland statute addressed by the Fourth Circuit in *Semenova*, "only recognizes causes of action [for disability discrimination] in limited circumstances." *Semenova*, 845 F.3d at 568. Specifically, the SCHAL prohibits disability discrimination in employment, S.C. Code Ann. § 1-13-80, in conducting certain medical examinations or inquiries of a job applicant or employees, S.C. Code Ann. § 1-13-80, and applies to state agencies, departments, local subdivisions, employers, employment agencies, labor organizations, and local governmental bodies, S.C. Code Ann. § 1-13-90(c), (d). These claims are subject to, at most, a

one-year statute of limitations.[3] *See* S.C. Code Ann. § 1-13-90(d)(6). However, noticeably absent from these covered claims are any claims against educational institutions or facilities receiving state or federal funding. As noted by the Fourth Circuit, in prior cases where the Fourth Circuit applied a state human rights' law's statutes of limitation, it did so, "at least in part, because the relevant state laws also allowed claims for the same type of discrimination the plaintiffs alleged pursuant to federal law." *Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 568 (4th Cir. 2017). Notably, in *Wolsky*, a case involving dismissal of a medical student from medical school, the state statute explicitly prohibited disability discrimination by any program that received federal funding. *See Wolsky*, 1 F.3d at 224.

Two other considerations mandate this conclusion as well. First, as indicated by the South Carolina Human Affairs Commission's website, the agency responsible for administering the SCHAL, they do also accept "Non Employment Complaints."[4] However, the section of the statute which arguably covers these complaints, S.C. Code Ann. § 1-13-90(e), a catch-all provision covering complaints of "the existence or occurrence of a practice asserted to be discriminatory on the basis of...disability[,]" is similarly silent as to any claims for education or publicly funded programs and noticeably does not include any statute of limitations or private right of action for such claims, instead relying on alternative methods of resolving the complaint. Second, and most importantly, the SCHAL explicitly prohibits reading any additional causes of action into the statute. S.C. Code Ann. § 1-13-100 ("Nothing in this chapter may be construed to create a cause

---

[3] Claims by state employees do not include a statute of limitations as they are ultimately heard at an administrative hearing. *See* § 1-13-90(c)(5) – (17).

[4] *See* South Carolina Human Affairs Comission website, *Non Employment*, https://www.schac.sc.gov/non-employment (last accessed July 9, 2019). The website refers to "90(e) Complaints of Diuscrimination" which it construes as "[d]isputes involving discrimination in police relations, unit education, business practices and other non-employment issues...."

of action other than those specifically described in Section 1-13-90 of this chapter."). As the SCHAL does not include causes of action against private educational programs or programs receiving state or federal funds, the Court will not construe it as such.

Therefore, as the SCHAL does not offer the same rights or remedies as the ADA or the Rehabilitation Act as applicable here and does not prohibit disability discrimination in private educational programs or programs receiving state or federal funds, the SCHAL is not analogous to the Plaintiff's claims here. Instead, the Court finds that the most analogous state law claim is for personal injury[5] or South Carolina's general provision for liability created by statute, and the Court applies South Carolina's three-year statute of limitations most applicable, which applies, in relevant part, to "liability created by a statute," personal injury and injury to the "rights of another." S.C. Code Ann. § 15-3-530; *Semenova*, 845 F.3d at 571 (applying Maryland's general civil action three year statute of limitations to plaintiff's ADA claims regarding a failure of Maryland buses to use disability assistance lift). Therefore, as Defendant concedes that Plaintiff alleged a violation or act of discrimination as late as May 25, 2016, Plaintiff's Complaint was timely when filed less than three years later on April 29, 2019.

Defendant Arclabs argues vigorously that the SCHAL one-year statute of limitations applies to the claims here, relying on various decisions from courts in this District. Most notably, Arclabs identifies *Mestrich v. Clemson Univ.*, No. CA 8:12-2766-TMC, 2013 WL 842328, at *2 (D.S.C. Mar. 6, 2013), where a court in this District applied the one-year SCHAL limitations period to a plaintiff's ADA and Rehabilitation Act claims regarding dismissal from Clemson University's doctoral program. The *Mestrich* court, applying the one-year statute of limitations

---

[5] Courts have recognized that discrimination claims involve "'injury to the individual rights of a person,' and thus are analogous to personal-injury tort claims." *Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011).

cited two prior cases (also cited by Defendant here). *See Cockrell v. Lexington Cty. Sch. Dist. One*, No. 3:11-CV-2042-CMC, 2011 WL 5554811, at *11 (D.S.C. Nov. 15, 2011) (alleged disability discrimination in school, one-year statute of limitations was unopposed); *Finch v. McCormick Corr. Inst.*, No. 4:11-CV-0858-JMC-TER, 2012 WL 2871665, at *2 (D.S.C. June 15, 2012), *report and recommendation adopted*, No. CIV.A. 4:11-858-JMC, 2012 WL 2871746 (D.S.C. July 12, 2012) (alleged disability discrimination against inmate). In both cases, the court similarly applied the one-year statute of limitations.[6] However, these cases, and the many others cited by Defendant Arclabs, were issued prior to the Fourth Circuit's decision in *Semenova v. Maryland Transit Admin.*, 845 F.3d 564 (4th Cir. 2017), which further explained where a state statute of limitations from would *not* be adopted for ADA and Rehabilitation Act claims.

Finally, the Court is cognizant of the Fourth Circuit's dicta earlier this year in *Stogsdill v. Azar*, 765 F. App'x 873 (4th Cir. 2019), indicating that courts should give a close look to adopting state statutes of limitations in light of *Semenova*. *Stogsdill* 765 F. App'x at 880 n.2 ("We note, however, that *Semenova*, which issued only after the district court's decision in this case, clarifies the circumstances under which it will be appropriate in an ADA or Rehabilitation Act case to borrow a limitations period from an anti-discrimination law like South Carolina's Human Affairs Law, rather than a state's ordinary statute of limitations for civil actions."). This Court has taken

---

[6] Defendant notes that in *Cockrell*, the court opined that the SCHAL "was passed by the South Carolina Legislature specifically to address claims of discrimination occurring in South Carolina, including discrimination based on disability." *Cockrell*, 2011 WL 5554811, at *11. However, the court in *Cockrell* did not have the benefit of the Fourth Circuit's statement in *Semenova* indicating, in part, that courts should look at whether the "state laws also allowed claims for the same type of discrimination the plaintiffs alleged pursuant to federal law." *Semenova*, 845 F.3d at 568. Certainly, there are cases applying the SCHAL statute of limitations in ADA and Rehabilitation Act employment discrimination cases, a type of discrimination specifically addressed by the South Carolina legislature in the SCHAL. However, as explained above, the same type of discrimination alleged here is not covered by the SCHAL.

into account the clarification in *Semenova* and, as explained above, finds that the applicable statute of limitations is three years.[7]  Therefore, Plaintiff's claims are not barred.

Finally, Defendant seeks a stay pending disposition of their motion to dismiss.  (Dkt. No. 12.)  As this Order rules on the motion to dismiss, Defendant's motion for a stay is denied as moot.

## IV.    Conclusion

For the foregoing reasons, the Court **DENIES** Defendant Arclabs LLC's Motion to Dismiss (Dkt. No. 11).  Defendant's Motion for a Stay (Dkt. No. 12) is **DENIED AS MOOT**.

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Court Judge

July *10*, 2019
Charleston, South Carolina

---

[7] Plaintiff's counsel argues that Defendant's failure to cite *Semenova v. Maryland Transit Admin.*, 845 F.3d 564 (4th Cir. 2017) violated South Carolina Rule of Professional Conduct 3.3 by failing to disclose binding legal authority.  Plaintiff counsel's argument is overzealous.  *Semenova*, while a Fourth Circuit case, rules solely on Maryland law and, as Footnote 2 in *Stogsdill v. Azar*, 765 F. App'x 873 (4th Cir. 2019) makes clear, the Fourth Circuit has yet to rule on the applicability of the SCHAL limitations period to all types of ADA and Rehabilitation Act claims.  Though the Court has denied Arclab's motion to dismiss, Defendant's counsel filed well-supported briefs which vigorously represented their client's position.